## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **MARCUS HUBBARD and** | § | |
| **NATHANIEL EVANS,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | **Civil No. _____** |
| **v.** | § | |
| | § | **CLASS ACTION COMPLAINT** |
| **CONTINENTAL INTERMODAL** | § | |
| **GROUP – TRUCKING LLC,** | § | |
| | § | |
| *Defendant.* | | |

## INDIVIDUAL AND CLASS ACTION COMPLAINT

Plaintiff, Marcus Hubbard ("Plaintiff"), brings this complaint individually and following his opt-out class participation in 2:19-cv-00940-MV-GJF, *Montgomery v. Continental Intermodal Group-Trucking LLC*, in the United States District Court for the District of New Mexico. Plaintiff, Nathaniel Evans brings this claim individually and on behalf of all persons similarly situated as a class action. Both Plaintiffs seek all available relief under the New Mexico Minimum Wage Act, N.M. Stat. Ann. §§ 50-4-19 through 50-4-35 ("NMMWA") against Defendant, Continental Intermodal Group – Trucking LLC ("CIG" or "Defendant").

## PRELIMINARY STATEMENT OF FACTS

1.      Plaintiffs bring this lawsuit to recover unpaid overtime wages and other damages under the NMMWA.

2.      Defendant is a logistics provider offering transloading, inventory management, transportation, and storage solutions to customers in the oil and gas industry. Specifically, Defendant provides "last mile" services to oil field customers, delivering necessary oil field materials to the customers' well site and providing services and equipment for the management and storage of materials on-site once delivered.

3.      Defendant provides its oil and gas services to customers across eleven (11) different states, including New Mexico.[1] To do so, Defendant employs ("Truck Drivers" or "TDs") to haul necessary oil field materials, including sand to customer well sites.

4.      Defendant has employed Plaintiffs and other non-exempt TDs to haul necessary oil field materials, including sand to customer well sites throughout New Mexico over the past three years, but failed to properly pay them for overtime hours worked at the legally required rate in violation of the NMMWA, N.M. Stat. Ann. § 50-4-22(E).

5.      Plaintiff and the other TDs regularly worked over forty (40) hours in each workweek. Specifically, Plaintiff and the other TDs were typically scheduled for 12 to 14 hour shifts 5 to 6 days a week for weeks at a time. However, Plaintiff and the other TDs never received overtime for hours worked in excess of forty (40) in a single workweek.

6.      Defendant failed to pay Plaintiff and the other TDs one and one-half times their regular rate of pay for hours worked in excess of forty (40) as required by the NMMWA.

## PARTIES

7.      Plaintiff Marcus Hubbard ("Mr. Hubbard") is an individual residing in Arkansas. He was employed by Defendant for approximately from April 2019 to May 2020. Plaintiff worked for Defendant as a TD in the State of New Mexico within the three (3) years preceding the filing of this lawsuit.

8.      Mr. Hubbard worked out of Defendant's facilities in New Mexico and Texas but drove the majority of his miles for Defendant in New Mexico. During his work for Defendant, Mr. Hubbard was scheduled to work an average of 7 days per week for 12 to 16 hours per day for three

---

[1] Defendant provides services in the following states: California, New Mexico, Texas, Oklahoma, Tennessee, South Carolina, North Carolina, New York, and West Virginia. *See* Defendant's website, https://ciglogistics.com/locations/ (last visited February 2, 2021).

consecutive weeks followed by one week off. However, often Mr. Hubbard would work as many as 27 days per month. Defendant did not pay Mr. Hubbard overtime compensation at any time during the three years preceding the filing of this lawsuit.

9.      Plaintiff Nathaniel Evans ("Mr. Evans) is an individual residing in Louisiana. He was employed by Defendants from approximately April of 2019 through August of 2019. Plaintiff worked for Defendant as a TD in the State of New Mexico within the three (3) years preceding the filing of this lawsuit.

10.     Mr. Evans worked out of Defendant's facilities in Texas but drove the majority of his miles for Defendant in New Mexico. During his work for Defendant, Mr. Evans was scheduled to work an average of 7 days per week for 12 to 14 hours per day for three consecutive weeks followed by one week off. Defendant did not pay Mr. Evans overtime compensation at any time during the three years preceding the filing of this lawsuit.

11.     Mr. Evans seeks to represent a class of similarly situated Truck Drivers under NMMWA pursuant to Federal Rule of Civil Procedure 23. The NMMWA Class sought to be certified is defined as:

> **All of Defendant's current and former Truck Drivers who worked over forty (40) hours in at least one week in New Mexico within the three (3) years preceding the filing of this lawsuit and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours AND did not take affirmative steps to opt in to a class in 2:19-cv-00940-MV-GJF, *Montgomery v. Continental Intermodal Group-Trucking LLC*, in the United States District Court for the District of New Mexico**

12.     Defendant, Continental Intermodal Group – Trucking LLC ("CIG" or "Defendant") is an Oklahoma limited liability company with its principal place of business at 420 Throckmorton, Suite 550, Fort Worth, Texas 76102. Defendant does business throughout the United States, including New Mexico. Defendant conducts substantial portions of its business in New Mexico

including out of its location in Loving, New Mexico and Jal, New Mexico. Defendant can be served with process by serving its New Mexico registered agent, Capitol Document Services, Inc., at 55 Old Santa Fe Trail, 2nd Floor, Santa Fe, NM 87501.

13.    Plaintiff Nathaniel Evans brings his NMMWA claim as a Rule 23 class action on behalf of the New Mexico Class Members. The Class Members consist of Defendant's Truck Drivers who worked over forty (40) hours in at least one week in New Mexico within the three (3) years preceding the filing of this lawsuit, were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty hours, and who did not affirmatively opt in to participate as a class in 2:19-cv-00940-MV-GJF, *Montgomery v. Continental Intermodal Group-Trucking LLC*, in the United States District Court for the District of New Mexico.

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction over this dispute because Defendant is an Oklahoma limited liability company, Plaintiffs are Louisiana and Arkansas citizens, respectively, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a).

15.    This Court has subject matter jurisdiction over the class action portion of this complaint pursuant to 28 U.S.C. § 1332(d) because (1) this case involves over 150 New Mexico Class Members; (2) the New Mexico Class Members' total claims exceed $5,000,000.00 in the aggregate, exclusive of costs or interest; and (3) at least one New Mexico Class Member is from a different state than Defendant.

16.    Under 28 U.S.C. § 1391(b) venue is proper in the District of New Mexico because a substantial part of the events giving rise to the claim occurred in this District.

17.     Plaintiff and the New Mexico Class Members perform or performed work for Defendant in this District. Specifically, during Plaintiffs' and the New Mexico Class Members' employment, they performed work for Defendant within New Mexico.

## NMMWA COVERAGE FACTS

18.     At all relevant times, Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the New Mexico Class Members.

19.     At all relevant times, Defendant constituted an employer or joint employer within the meaning of NMMWA. *See* N.M. Stat. Ann § 50-4-21(B).

20.     At all relevant times, Plaintiffs and the New Mexico Class Members constituted individual employees employed by an employer as the term "employee" is defined under the NMMWA. *See* N.M. Stat. Ann. § 50-4-21(C).

## FACTUAL ALLEGATIONS RELATING TO NMMWA VIOLATIONS

21.     Defendant has continuously conducted business in this judicial district over the last three (3) years and since it began failing to pay TDs who worked in New Mexico overtime for hours worked in excess for forty (40) per week.

22.     Defendant is an oil and gas company operating throughout the United States, including New Mexico, and employs oil field personnel – Truck Drivers to carry out its work.

23.     The New Mexico Class Members are individuals worked for Defendant performing the same or substantially similar job duties as Plaintiff.

24.     Plaintiff and the New Mexico Class Members were subjected to the same or similar illegal pay practices for similar work.

25.     Defendant agreed to pay TDs a fixed-salaried rate of pay for all hours worked. Defendant has a specific policy against overtime compensation. Specifically, Defendant's policy

states that all TDs "are NOT eligible for overtime premium pay." Defendant scheduled all TDs to work a schedule consisting of three (3) weeks on and one (1) week off.

26.    Specifically, Defendant classified the New Mexico Class Members as exempt and paid them the same rate of pay regardless of the number of hours that they worked in each workweek and failed to compensate them at one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours.

27.    For example, Mr. Evans worked as a Truck Driver exclusively for Defendant from approximately April of 2019 through August of 2019. Throughout his employment with Defendant, Plaintiff was classified as exempt and was not compensated at one and one-half times his regular hourly rate of pay for all hours worked in excess of forty hours in each workweek – even though Defendant scheduled him to work between 84 and 96 hours in each workweek.

28.    As Truck Drivers, Plaintiffs' primary job duties included frac and sand hauling, delivering sand, and driving between oil sites within New Mexico.

29.    Defendant typically scheduled Plaintiffs to work 12 to 14-hour shifts, for as many as 7 days in a week.

30.    Plaintiff regularly worked in excess of forty (40) hours each work week while employed by Defendant.

## NEW MEXICO CLASS ACTION ALLEGATIONS

31.    The above and foregoing paragraphs are incorporated herein as if set forth in full.

32.    Plaintiff Mr. Hubbard received class notice in 2:19-cv-00940-MV-GJF, *Montgomery v. Continental Intermodal Group-Trucking LLC*, in the United States District Court for the District of New Mexico, but has opted out of joining a class in that lawsuit.

33.     The Court in that class action lawsuit preliminary approved settlement but did not

authorize a form of notice to be sent to the drivers. (*See* <u>Exhibit A</u>, Dkt. No. 46).

34.     Shockingly, the form of notice sent to Mr. Hubbard includes both opt-in ***and*** opt-

out requirements, and provides that if the drivers do not affirmative respond to the notice, they

take nothing and have released their claims:

### Your Legal Rights and Options in this Settlement:

**Submit a Claim Form:** If you submit the attached Claim Form via mail, fax or <u>this secure</u>
<u>link</u> on or before **February 12, 2021**, you will receive your share of the settlement.

**Do Nothing:** If you do nothing, you will <u>**not**</u> receive payment as part of this Settlement,
but you will release your claims for unpaid wages.

**Opt-out:** You may opt-out of the settlement and pursue your own lawsuit concerning
the same allegations.

(<u>Exhibit B</u>, Notice of Proposed Class Action Settlement).

35.     Plaintiff Mr. Evans did not receive notice to join a class in the above class action

lawsuit, despite meeting the class definition of Truck Drivers preliminarily certified:

> All current and former Truck Drivers who worked for Defendant, who at any time
> were based in Jal, New Mexico or Loving, New Mexico, or who performed more
> than 50% of their work hours in New Mexico, and who worked over forty (40)
> hours in at least one week in New Mexico within the three (3) years preceding
> October 4, 2019 and were not paid one and one-half times their regular rate of pay
> for all hours worked in excess of forty (not to exceed 402 persons) in a workweek.

(<u>Exhibit A</u>, Order Preliminarily Approving Settlement, p. 2). Out of an abundance of caution Mr.

Evans has also opted-out of class participation in 2:19-cv-00940-MV-GJF, *Montgomery v.*

*Continental Intermodal Group-Trucking LLC*, in the United States District Court for the District

of New Mexico.

36.     Mr. Evans seeks to represent a class of similarly situated Truck Drivers under NMMWA pursuant to Federal Rule of Civil Procedure 23. The New Mexico Class sought to be certified is defined as:

> **All of Defendant's current and former Truck Drivers who worked over forty (40) hours in at least one week in New Mexico within the three (3) years preceding the filing of this lawsuit and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours AND did not take affirmative steps to opt in to a class in 2:19-cv-00940-MV-GJF, *Montgomery v. Continental Intermodal Group-Trucking LLC*, in the United States District Court for the District of New Mexico**

37.     The members of the New Mexico Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 150 members of the New Mexico Class.

38.     While the precise number of the New Mexico Class Members is unknown, at least 150 New Mexico Class Members work or worked for Defendant in at least one workweek of more than forty (40) hours in New Mexico during the past three (3) years and throughout the time period Defendant's continuing course of conduct occurred.

39.     Plaintiffs and the New Mexico Class Members were all improperly classified as exempt and not afforded the overtime compensation when they worked in excess of 40 hours per week. Defendant's failure to pay wages and overtime compensation at the rates required by the NMMWA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the New Mexico Class Members. Plaintiffs' claims are therefore typical of the claims of the New Mexico Class Members.

40.     Mr. Evans will fairly and adequately represent and protect the interests of the New Mexico Class because there is no conflict between the claims of Mr. Evans and those of the New

Mexico Class. Mr. Evan's counsel is competent and experienced in litigating employment class actions and other complex litigation matters, including wage and hour cases similar to this case.

41.    There are questions of law and fact common to the proposed New Mexico Class, which predominate over any questions affecting only individual members, including, without limitation:

a.    whether Defendant has violated and continues to violate statutory and common law through its policies or practices of not paying the New Mexico Class Members at one and one-half times their regular hourly rates of pay for hours worked in excess of forty hours in each workweek;

b.    The proper measure of damages sustained by the New Mexico Class Members; and

c.    whether Defendant should be enjoined for such violations in the future.

42.    This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2). Defendant acted or refused to act on grounds generally applicable to the New Mexico Class Members. Final injunctive and/or declaratory relief is appropriate to the New Mexico Class Members as a whole.

43.    Mr. Evans' claims are typical of the claims of the New Mexico Class in the following ways, without limitation: (a) Mr. Evans is a member of the New Mexico Class; (b) Mr. Evans' claims are of the same policies, practices and course of conduct that form the basis of the claims of the New Mexico Class; (c) Mr. Evans' claims are based on the same legal and remedial theories as those of the New Mexico Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs, the New Mexico Class Members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the New Mexico Class Members.

44.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the New Mexico Class predominate over any questions affecting only individual Class Members.

45.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

46.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy because—in the context of wage and hour litigation— individuals lack the financial resources to vigorously prosecute lawsuits against large corporations.

47.    Members of the New Mexico Class are readily identifiable from Defendant's own records, including the records indicating where New Mexico Class members were driving and consequently, where the majority of their hours were logged. Prosecution of separate actions by individual members of the New Mexico Class would create the risk of inconsistent or varying adjudications with respect to individual New Mexico Class members that would establish incompatible standards of conduct for Defendant.

48.    Class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New Mexico Class, while substantial, are not great enough to enable them each to maintain separate suits against Defendant.

49.    Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Mr. Evans and the New Mexico Class. Mr. Evans does not envision any difficulty in the management of this action as a class action.

50.    Mr. Evans intends to send notice to the Rule 23 New Mexico Class Members to the extent required by Federal Rule of Civil Procedure 23(c).

## VIOLATIONS OF NEW MEXICO MINIMUM WAGE ACT

51.    The above and foregoing paragraphs are incorporated herein as if set forth in full.

52.    Pursuant to NMMWA, an employer, such as Defendant, who fails to pay an employee wages in conformance with the NMMWA shall be liable to the employee for their unpaid wages plus interest, an additional amount equal to twice the unpaid wages, and court costs and attorneys' fees incurred. *See* N.M. STAT. § 50-4-26.

53.    During the relevant time period, Defendant violated and continues to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the New Mexico Class Members have suffered and will continue to suffer from a loss of income and other damages. Moreover, Plaintiffs requests that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

54.    Plaintiffs and the New Mexico Class Members are entitled to unpaid overtime equal to one-and-one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek pursuant to the formula outlined in N.M. STAT. § 50-4-22(E). *See also N.M. Dep't of Labor v. Echostar Commc'ns Corp.*, 2006-NMCA-047, ¶¶ 6-9, 139 N.M. 493, 495–96, 134 P.3d 780, 782–83.

## JURY DEMAND

55.    Plaintiffs requests a trial by jury.

## PRAYER

56.    For these reasons, Plaintiffs on an individual basis and Mr. Evans on a representative basis on behalf of the New Mexico Class Members respectfully requests that judgment be entered in their favor and against Defendant, awarding Plaintiffs on an individual basis and on a representative basis on behalf of the New Mexico Class Members the following relief:

a.    For an Order certifying the NMMWA claim as Class Action pursuant to FED. R. CIV. P. 23, for designation of Mr. Evans as Class Representative under NMMWA, and for designation of Mr. Evans' counsel as class counsel;

b.    For Judgment that Defendant violated NMMWA by failing to pay Plaintiffs and the New Mexico Class Members overtime compensation;

c.    For an Order awarding Plaintiff and the NM Class Members all unpaid overtime compensation, an amount equal to twice their unpaid wages as liquidated damages, interest and all available penalty wages under NMMWA;

d.    For all costs and attorneys' fees incurred prosecuting this claim, as allowed by the N.M. STAT. § 50-4-26(E);

e.    An order for injunctive relief pursuant to N.M. STAT. § 50-4-26(F); and

f.    Any other and further relief to which Plaintiffs and the New Mexico Class Members may be entitled.

Respectfully submitted,

THE HEMPHILL FIRM, P.C.

By:  _/s/Linda G. Hemphill_____
Linda G. Hemphill, Esq.
Leigh Messerer, Esq.
P.O. Box 33136
Santa Fe, New Mexico 87594
(505) 986-8515
linda@hemphillfirm.com
leigh@hemphillfirm.com
*Attorneys for Plaintiff*

*/s/ Benjamin W. Allen*
Benjamin W. Allen
*Pro Hac Vice Application Forthcoming*
Texas State Bar No. 24069288
Casey T. Wallace
Texas State Bar No. 00795827
*Pro Hac Vice Application Forthcoming*
Wallace & Allen, LLP
440 Louisiana, Suite 1500
Houston, Texas 77002
Telephone: (713) 224-1744
Facsimile: (713) 227-0104
ballen@wallaceallen.com
cwallace@wallaceallen.com

**COUNSEL FOR PLAINTIFF**